■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD ALLEN, Appellant.— Judgment of the Supreme Court, Kings County, rendered March 15, 1971, convicting him upon his guilty plea to murder and imposing sentence, affirmed. No opinion. Munder, Acting P. J., Latham, Gulotta and Christ, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and to remand the defendant to the Criminal Term for the purpose of: (a) holding a hearing upon his motion to withdraw his guilty plea; and (b) making a determination thereon *de novo*. Defendant and a codefendant were indicted for two counts of murder. The first count charged intentional murder and the second count charged felony murder. On September 16, 1970, at his arraignment, defendant pleaded not guilty. On January 25, 1971, defendant, while represented by counsel, sought to withdraw his not guilty plea and plead guilty to the second count in satisfaction of the entire indictment. Before accepting his guilty plea, the court informed defendant of his constitutional rights and then proceeded to elicit from him the facts and circumstances of the crime to which he was pleading guilty. Defendant admitted that he and his codefendant had been in the process of robbing their victim and, while so engaged, his codefendant hit his hand causing the gun, which he was apparently pointing toward the victim, to fire, killing such victim. On March 15, 1971, the defendant was arraigned for sentence. At such time defendant's attorney advised the court that the defendant wished to withdraw his guilty plea and enter a plea of not guilty. When the court asked why he wished to change his plea the following transpired: " The Defendant: Because at the time when I plead guilty I didn't really have much time to get anything together. I was just approached and told if I took the case to trial there was no way of me getting around and I would get 25. The best thing to do was throw myself on the mercy of the Court. The Court: Well, do you have a defense to this? The Defendant: Yes, I do. The Court: What is your defense? The Defendant: Excuse me?" At this point, the court, instead of affording the defendant, an 18-year-old boy, an opportunity to explain his claimed defense, proceeded to ask the defendant whether he had admitted guilt approximately seven weeks before, reciting to defendant the questions and answers of January 25, 1971. No diligent inquiry was made to determine what the basis for defendant's claimed defense was. Section 337 of the Code of Criminal Procedure requires a trial court to exercise an informed discretion in resolving an application to withdraw a guilty plea (*People* v. *Klein,* 26 A D 2d 559). Under the circumstances of this case, especially considering the age of the defendant and the gravity of the crime to which he pleaded guilty, it is my opinion that the defendant was not given a sufficient opportunity to explain the nature of his claimed defense (*People* v. *McKennion,* 27 N Y 2d 671; *People* v. *Malinowski,* 37 A D 2d 662). Only upon hearing the claimed defense could the court make a proper determination with respect to defendant's application to withdraw his guilty plea.